IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20203
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER S. PARKER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR H-92-92-2
- - - - - - - - - -
November 8, 1996
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Christopher S. Parker, #59853-079, appeals from the district court's order dismissing his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Parker argues that the district court abused its discretion in failing to conduct an evidentiary hearing on the issue of juror misconduct, the district court's interview of a juror in his absence violated his Fifth Amendment right to be present during every stage in the proceedings, and the district court's finding that the juror

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

misconduct did not interfere with the jury's function was not supported by the record.

Parker raised none of these issues in his § 2255 motion. We decline to review Parker's arguments concerning these claims because there is no error that is clear and obvious. See Highlands Ins. v. National Union Fire Ins., 27 F.3d 1027 (5th Cir. 1994) (applying the standard of United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995) to civil cases), cert. denied, 115 S. Ct. 903 (1995). By not arguing the only issue that he did raise in his § 2255 motion, ineffective assistance of counsel, Parker has abandoned that issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Parker's Motion for Bond Pending Appeal is DENIED as moot.

AFFIRMED.